UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAVON PIERCE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KAMALA D. HARRIS, et al.,<br><br>　　　　　Defendants. | No. 2:15-cv-2421 JAM CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks civil relief, and is proceeding in forma pauperis. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Plaintiff's amended complaint is now before the court.

　　　　The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

　　　　A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

1

1  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
2  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
3  Cir. 1989); Franklin, 745 F.2d at 1227.

4      A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
5  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
6  support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467
7  U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt
8  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under
9  this standard, the court must accept as true the allegations of the complaint in question, Hospital
10 Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light
11 most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.
12 McKeithen, 395 U.S. 411, 421 (1969).

13     Plaintiff's amended complaint is as deficient as his first complaint (ECF 1). In his
14 amended complaint, plaintiff names 31 defendants, most of which are news organizations, but
15 fails to identify any way in which he has been injured, and fails to point to any facts amounting to
16 a violation of federal law.  For these reasons, the amended complaint is both frivolous and fails to
17 state a claim upon which relief can be granted.  As the court has already permitted plaintiff to
18 amend his complaint once, it appears that granting leave to amend a second time would be futile.
19 Accordingly, the court will recommend dismissal.

20     In accordance with the above, IT IS HEREBY RECOMMENDED that this action be
21 dismissed as frivolous and for failure to state a claim upon which relief can be granted.

22     These findings and recommendations are submitted to the United States District Judge
23 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
24 after being served with these findings and recommendations, plaintiff may file written objections
25 with the court.  The document should be captioned "Objections to Magistrate Judge's Findings
26 and Recommendations."  Plaintiff is advised that failure to file objections within the specified
27 /////
28 /////

1 | time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153
2 | (9th Cir. 1991).
3 | Dated:  February 29, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
pier2421.dis